*103 WEAVER J.
(concurring). I concur and join in the majority opinion’s result, and in its reasoning. I write separately because I do not join in the opinion’s citations of an article in the Texas Review of Law & Politics, ante at 83, 88.[1]
There is better authority than a law review article to support the propositions for which the article is cited. The opinion cites the article for two propositions: (1) that “our common-law jurisprudence has been guided by a number of prudential principles.... Among them has been our attempt to ‘avoid capricious departures from bedrock legal rules as such tectonic shifts might produce unforeseen and undesirable consequences,’ ” and (2) that the judiciary is ill-advised to make decisions that involve a drawing of lines reflecting considerations of public policy. Ante at 83, 88.
Rather than an out-of-state, nonbinding law review article, real and binding Michigan authority for these propositions is found in our case law. See Olmstead v Anderson, 428 Mich 1, 11; 400 NW2d 292 (1987),[2] and Van v Zahorik, 460 Mich 320, 327; 597 NW2d 15 (1999).[3] Because there is binding case law for these *104 propositions, the citations of the article written by one of the justices signing the majority opinion can at best be described as inappropriate and unnecessary.
Further, I do not agree with some of the article’s tone, nor with its comparison of the common law to
a drunken, toothless ancient relative, sprawled prominently and in a state of nature on a settee in the middle of one’s genteel garden party.[4]
An article containing such a clumsy and crude analogy that mocks the common law is unworthy of citation. The people of Michigan expressly adopted the common law, in addition to statutory laws, in the 1963 Constitution.[5]
Therefore, I concur in the result and join in the majority opinion, except the citations of the Texas Review of Law & Politics article.

 The article is based on remarks Justice YOUNG made at a joint Federalist Society/Ave Maria Law School symposium.

 Olmstead noted approvingly that, in a prior case, “[t]he Court, therefore, applied the public policy exception to the lex loci doctrine, rather than making sweeping changes [by reappraising Michigan’s entire conflict of laws policy] with potential unforeseen consequences.”

 In Van, supra at 327, the Court quoted the following passage from the earlier Court of Appeals opinion in that case, 227 Mich App 90, 95; 575 NW2d 566 (1997):
“As a general rule, making social policy is a job for the Legislature, not the courts. See In re Kurzyniec Estate, 207 Mich App 531, 543; 526 NW2d 191 (1994). This is especially true when the determination or resolution requires placing a premium on one social interest at the expense of another: ‘The responsibility for *104 drawing lines in a society as complex as ours — of identifying priorities, weighing the relevant considerations and choosing between competing alternatives — is the Legislature’s, not the judiciary’s.’ O’Donnell v State Farm Mut Automobile Ins Co, 404 Mich 524, 542; 273 NW2d 829 (1979).”

 Young, A judicial traditionalist confronts the common law, 8 Texas Rev L & Pol 299, 302 (2004).

 Michigan’s Constitution adopted the common law that was in force in 1963: “The common law and the statute laws now in force, not repugnant to this constitution, shall remain in force until they expire by their own limitations, or are changed, amended or repealed.” Const 1963, art 3, § 7.